Goodwine *v.* Evans *et al.*

Filed April 18, 1893.

———————◆———————

No. 16,244.

## GOODWINE *v.* EVANS ET AL.

HIGHWAY.—*Land Taken For.*—*Compensation, What May Constitute.*— While, under the constitution, land can not be taken for the establishment of a highway without compensation, yet such compensation need not be made in money, but benefits accruing to the land from the establishment of the highway may constitute full compensation within the meaning of the constitution.

SAME.—*Establishment of.*—*Damages and Benefits.*—*How Proven.*—In ascertaining the benefits and damages to land by reason of the establishment of a highway upon the same, it is competent to prove the market value of the entire farm (where it is in one body) without the highway in question, and such value with the highway, without first stating the basis upon which the witness fixed such values; and the basis upon which the witness fixed the values may be ascertained upon cross-examination.

SAME.—*Establishment of.*—*Benefits and Damages to Land Confined to Present Use and Condition.*—In such a case, the inquiry as to benefits and damages must be confined to the land with reference to its use and condition at the time, and not as to what use the owner might be contemplating to put it to.

SAME.—*Restriction of Argument of Counsel.*—*Viewers' Report.*—*Evidence.* —In such a case, where counsel, in his argument to the jury, undertook to read to the jury, and comment on, the report of the viewers appointed by the board of commissioners to assess the damages, it was right for the court to sustain a proper objection thereto, such report not being competent evidence, and not being in evidence.

Goodwine v. Evans et al.

INSTRUCTIONS TO JURY.—*Use of the Phrase "Might Consider."*—*Duty to Consider.*—In instructing a jury, it is not prejudicial error for the court to state to the jury that they "might consider" certain matters instead of saying to them that it is their duty to do so.

From the Warren Circuit Court.

W. L. Rabourn and W. B. Durborrow, for appellant.
J. F. Hanly and E. C. Stansbury, for appellees.

COFFEY, C. J.—This was a petition to the board of commissioners of Warren county to lay out and establish the public highway therein described. The appellant filed a remonstrance, claiming damages occasioned by the establishment of such highway over his land. Viewers were appointed, who reported damages in his favor, but, being dissatisfied with the amount of the assessment, he appealed to the Warren Circuit Court. Upon a trial of the cause by a jury in that court, a verdict was returned against him, over a motion for a new trial. The court rendered judgment on the verdict.

The only error properly assigned in this court calls in question the propriety of the ruling of the circuit court in overruling the appellant's motion for a new trial.

We will consider the alleged errors of the circuit court in the order in which they are presented by the appellant.

*First.* It is claimed by the appellant that the verdict of the jury is not sustained by the evidence in the cause.

The sole question for trial in the circuit court related to the amount of damages, if any, which the appellant would sustain by reason of the establishment and opening of the road described in the petition. Upon this question the evidence is conflicting. There is much evidence in the record tending to show that the benefits which the appellant will receive by the establishment of the highway will equal his damages.

While under the constitution no one's land can be

taken for the establishment of a highway without compensation, such compensation need not be made in money. Benefits accruing to the land from the establishment of the highway may constitute full compensation within the meaning of the constitution. In estimating the damages which a land-owner will sustain by reason of the establishment of a highway over his land, the benefits which he will receive must also be considered. *Rassier* v. *Grimmer, Trustee*, 130 Ind. 219; *Hire* v. *Kniseley*, 130 Ind. 295. We can not reverse the judgment on the weight of the evidence.

*Second.* It is contended that the court erred in admitting incompetent evidence on behalf of the appellees, and in excluding proper evidence offered by the appellant.

The evidence in the cause tends to prove that the appellant owns a farm consisting of seven hundred and sixty acres. The highway in question runs east and west through the farm, cutting off, on the north end, two hundred and forty acres.

The appellees, over the objection of the appellant, were permitted to prove the market value of the appellant's entire farm without the highway in question, and such value with the highway, without first stating the basis upon which the witnesses fixed such values.

This was in accord with the practice as approved by this court. *Hire* v. *Kniseley, supra.*

It was competent for the appellant to ascertain, by cross-examination, the basis upon which the witnesses fixed the values stated by them.

As the appellant's land was in one body, constituting but a single farm, there was no error in permitting the appellees to prove the benefits to the entire farm.

The appellant offered to prove that he contemplated converting a portion of his farm, at some time in the

Goodwine v. Evans et al.

future, into a stock or grazing farm, but the court sustained an objection to this offered evidence.

There was no error in this ruling.

The offered evidence was wholly immaterial. The question for trial related to the appellant's damages, considering his land at the time the highway should be established. Such damages were not to be ascertained by inquiring into the use to which the appellant intended to put his land, but by considering it with reference to its use and condition at the time, and by inquiring as to what extent, if at all, the highway would affect its market value.

*Third.* It is contended by the appellant that the court erred in restricting his counsel in the argument in the cause.

It appears by the record, that during the argument of the cause, counsel for the appellant undertook to read to the jury, and comment on, the report of the viewers appointed by the board of commissioners to assess damages, when, upon objection by the appellees, he was stopped by the court, and was not permitted to either read or comment on such report.

There was no error in this. The report was not proper evidence to go to the jury, and was not in evidence, and for these reasons it was improper for counsel to comment upon it. The court did right in stopping such comment, and in refusing to allow the report to be read to the jury. *Coyner* v. *Boyd*, 55 Ind. 166; *Freck* v. *Christian*, 55 Ind. 320; *Grimwood* v. *Macke*, 79 Ind. 100; *Breitweiser* v. *Fuhrman*, 88 Ind. 28.

*Fourth.* Finally, it is contended by the appellant, that the circuit court erred in its instructions to the jury.

We have carefully read the instructions in the cause, and, when taken as a whole, we think they state the law

of the case correctly. The principal objections urged against the instructions consist of verbal criticisms.

The court, in its instructions, told the jury that it "might consider" certain matters named in estimating the damages sustained by the appellant. It is contended that this was error, and that the court, instead of saying to the jury that they "might consider" these matters, should have told them that it was their duty to do so.

In view of the fact that the jury had taken an oath to decide the case according to the evidence, we are not at liberty to presume that they failed to do so because they were not again admonished as to their duty.

We have carefully considered all of the alleged errors argued by counsel in their briefs in this cause, and find no error for which the judgment should be reversed.

Judgment affirmed.

