STATE OF INDIANA *v.* TIBBLES ET AL.

[No. 29,161. Filed December 17, 1954.]

48

*Edwin K. Steers,* Attorney General, and *Connor D. Ross,* Deputy Attorney General, for appellant.

*Ramon S. Perry* and *Dalton C. McAlister,* both of Fort Wayne, for appellees.

BOBBITT, J.—The State of Indiana filed this action in the Superior Court of Allen County to acquire for highway purposes, by condemnation, a certain strip of land owned by appellees and fronting on United States Roads 30 and 24 east of and near the city limits of

Fort Wayne, Indiana. The case was tried on venue to the Wells Circuit Court. The defendants-appellees were awarded the sum of $5,000 as compensation for damages for the taking and appropriating of such parcel of land.

The sole error assigned is the overruling of appellant's motion for a new trial. This motion contains 15 specifications or causes for a new trial. However, because of the result which we have reached, it is necessary to consider only specification 4, which is as follows:

"(4) The Court erred in admitting in evidence, over Plaintiff's objection, in the redirect examination of defendants' witness Raymond Tibbles the following stated question and answer:

"Q. 'Mr. Tibbles, I will ask you if at any time since you have owned this trailer park you intended using this space for the display and sale of trailers?'

"Objection by State's counsel: The State of Indiana objects to the question for the reason it is purely speculative.

"By the Court: Objection overruled.

"A. 'Yes.' "

It has long been the established rule that in determining the value of property taken by condemnation or appropriation the availability and adaptability of property for uses other than that to which it is applied at the time of taking, so far as it may appear from the evidence, may be taken into consideration, but inquiry as to damages cannot go into an intended specific use. *Goodwine* v. *Evans et al.* (1893), 134 Ind. 262, 264, 33 N. E. 1031; *Alberson Cemetery Assn.* v. *Fuhrer* (1923), 192 Ind. 606, 613, 137 N. E. 545; *State* v. *Hamer* (1937), 211 Ind. 570, 576-578, 199 N. E. 589; *Halstead* v. *Vandalia R.*

*Co.* (1911), 48 Ind. App. 96, 100, 95 N. E. 439; *United States* v. *Honolulu Plantation Co.* (1903), 9 Cir., 122 F. 581, 585; *Five Tracts of Land* v. *United States* (1900), 3 Cir., 101 F. 661, 664; *Thornton* v. *City of Birmingham* (1948), 250 Ala. 651, 35 So. 2d 545, 547, 7 A. L. R. 2d 773; *Alabama Cent. R. Co.* v. *Musgrove* (1910), 169 Ala. 424, 53 So. 1009, 1010; *People* v. *La Macchia* (1953), 41 Cal. 2d 738, 264 P. 2d 15; *Old Silver Beach Corp.* v. *Town of Falmouth* (1929), 266 Mass. 224, 165 N. E. 1; *Meisel Press Mfg. Co.* v. *City of Boston* (1930), 272 Mass. 372, 172 N. E. 356; *Schulz* v. *Central Nebraska Public Power & Irrigation Dist.* (1940), 138 Neb. 529, 293 N. W. 409; *Graham & Co., Inc.* v. *Pennsylvania Turnpike Commission* (1943), 347 Pa. 622, 33 A. 2d 22; *Munkwitz* v. *Chicago, M. & St. P. Ry. Co.* (1885), 64 Wis. 403, 25 N. W. 438, 439.

*Goodwine* v. *Evans et al.* (1893), 134 Ind. 262, 33 N. E. 1031, *supra*, was an action to recover damages occasioned by the establishment of a public highway. In considering the evidence offered to prove that the appellant contemplated converting a portion of his farm, at some time in the future, into a stock farm, this court, at page 264, said:

"The appellant offered to prove that he contemplated converting a portion of his farm, at some time in the future, into a stock or grazing farm, but the court sustained an objection to this offered evidence.

"There was no error in this ruling.

"The offered evidence was wholly immaterial. The question for trial related to the appellant's damages, considering his land at the time the highway should be established. Such damages were not to be ascertained by inquiring into the use to which the appellant intended to put his land, but by considering it with reference to its use and condition at the time, and by inquiring as to what

extent, if at all, the highway would affect its market value."

A question similar to that raised by appellant's specification 4 was again before this court in *Alberson Cemetery Assn.* v. *Fuhrer* (1923), 192 Ind. 606, 137 N. E. 545, *supra*. This was an action to recover damages resulting from the appropriation of land for the extension of an existing cemetery. At page 613, it is said:

"The true measure of damages for land having a market value when appropriated for a public use is the fair market value for which the land could be sold if the owner were willing to sell. If the land taken has a higher market value by reason of the minerals it contains or by reason of a use or uses for which it may be adapted, but to which it has not been put, the owner is entitled to the market value, as so enhanced. But if there is a market value, nothing more than that can be recovered, and the fact that the owner may have contemplated putting his land to some use, in the future, for which it shall have been worth more than it would bring in the market at the time it was appropriated, does not justify an assessment of damages in excess of the market value at the time of its appropriation."

In the case at bar appellant had, prior to the question concerning an intended use of the appropriated property for the sale and display of trailers, already testified as to the market value of the land. There is no evidence in the record that the land here in question is suitable or naturally adapted for use, or uses, other than that to which it was applied at the time of the taking.

The use of the land in question for the display and sale of trailers was a specific use based upon a contingency, the existence of which is doubtful. Further, this evidence was immaterial to the issues and it conclusively appears from the record

that, in this case, appellant's rights were prejudiced by the admission of evidence which tended to show damages, the existence of which is not only doubtful, but which are based upon a specific use to which the appellees might put the property in the future, even though their present plans do not contemplate such use.

The trial court erred in overruling appellant's objection to the introduction of this evidence and for this reason appellant's motion for a new trial should have been sustained.

Since other questions raised and discussed in appellant's brief are not likely to arise on a retrial of the case, it is not necessary to consider them.

Judgment reversed with instructions to the trial court to grant plaintiff's-appellant's motion for a new trial.

Flanagan, J., not participating.

Gilkison, C. J., Draper and Emmert, JJ., concur.

NOTE.—Reported in 123 N. E. 2d 170.