STATE OF INDIANA *v.* TRI-STATE COLLEGE.

[No. 271S38. Filed April 11, 1972.]

*Theodore L. Sendak,* Attorney General, *John T. Carmody,* Deputy Attorney General, for appellant.

*Harris W. Hubbard,* of Angola, for appellee.

ARTERBURN, C. J.—This is an appeal from a judgment rendered in a condemnation action filed by the appellant-plaintiff State of Indiana against the appellee-defendant.

The State of Indiana instituted suit on October 14, 1965, for the appropriation of a portion of a parcel of land owned by the appellee-landowner. Appraisers were appointed by the court and on November 29, 1965, they filed their report with the court assessing damages in the amount of $11,000. Both the State and the landowner filed timely objections.

A jury trial was held to determine damages and the jury was unable to agree on a verdict and was therefore discharged by the court.

In a second trial, held several months later, the jury returned a verdict in favor of the defendant in the amount of $57,875.00 with interest to be computed by the court. Shortly thereafter, the court entered judgment in that sum.

On October 1, 1970, the State filed a Motion to Correct Errors alleging that the court had erroneously admitted into evidence an engineer's drawing, prepared less than two weeks prior to the trial, of a motel-camping ground complex that could have been constructed on that portion of the landowner's property that had been taken by the State. The Court, on December 3, 1970, overruled the State's Motion to Correct Errors.

The only issue before this court is whether certain evidence offered by the landowner should have been admitted into evidence over the objection of appellant.

Through his last witness appellee introduced the following evidence:

(a)  Exhibit M—This is a scale drawing of landowner's

property and the surrounding roads and shows contour lines at 10 foot height elevations. The appellant does not question the admissibility of Exhibit M and agrees with the trial court in the admission of this particular exhibit.

(b) Exhibit N—Exhibit N is a duplicate of Exhibit M except that thereon the witness, a construction engineer, had drawn to scale a plan of the motel complex his firm would have designed, had they been employed to design a motel complex on the unimproved land, providing for a 100 room motel, a restaurant, a swimming pool, a gas station, a 29 unit camp site, and an access drive from the intersection of State Roads #27 and #120 with three entrances; one near the intersection, and two further north onto that portion of State Road #27 shown by the evidence to be by limited access only.

(c) Exhibit Na—Exhibit Na is an overlay placed on top of Exhibit N showing the take by the State and how it projects onto the plan drawn by the witness.

Appellant contends that the admission of Exhibits N and Na for any purpose whatsoever was error. The appellee claims that it was not error to introduce such evidence, since he presented three experts who testified that prior to the taking, the highest and best use of the property was for a service station, motel and commercial area, and after the taking, the property was no longer suited for such use.

Contrary to appellee's argument, we find two reasons why Exhibits N and Na are not admissible. First, there is no evidence in the record showing that this specific type of motel complex, as shown in Exhibit N, was appropriate and desirable as to size, landscape, etc.

A witness may testify that his appraisal of the property is based upon a use of the same where there is a reasonable likelihood of its use for that purpose in the near future. Such definite future use adds present value to the site. However, a witness may not present a specific layout, as if the use and change were presently in existence, and ask

that the value based upon such plans and specifications be taken into consideration. See *State* v. *Tibbles, et al.* (1954), 234 Ind. 47, 123 N. E. 2d 170.

There is an additional reason why the plat was not admissible in this case, namely because the plat did not conform to the evidence. The appellant points out that no one testified that this plan, or layout, as shown by Exhibit N and Na, was a feasible, potential and likely use of the property in the near future. Whether 100 rooms or 10 rooms was feasible is not explained, nor was whether a pool and service station adjacent thereto was a reasonably near time use of the property so as to enhance its present value. The Exhibit shows a 100 room motel complete with a service station and a campsite as being somewhat separated and each connected by an access drive.

The drawing also shows both the motel and campsite as having their own separate access roads leading to State Highway #27. The landowner's own witness testified that Highway 27 was a no-access highway along the points where the plat showed two points of access to motel and campsites, when in fact, there could be no such access rights by the owner. In that respect the plat did not conform to the evidence. Access rights are very important and add immensely to the value of the motel, campsite, and service station. The jury had no right to consider such proposed use which was speculative in the ultimate degree.

The testimony with reference to the proposed construction by the witness presenting it was only that he *could* construct such facilities on the land; not that it was a feasible use of the land. There is no showing that it could be put to this specific use, namely a 100 room motel, a 29 unit campsite, a service station, restaurant, etc., as depicted in size and shape. 4 *Nichols on Eminent Domain,* § 12.314 (3rd Edition), says in determining the values it must be shown that "it is reasonably probable that it will be put to the other use within the immediate future, or within a reasonable time."

11 ILE *Eminent Domain*, (1958), says:

"It has long been the established rule in determining the value of property taken by condemnation or appropriation the availability and adaptability of the property for uses other than that to which it is applied at the time of taking, may be taken into consideration. The pre-existing use of the land is not the sole criterion by which its value is measured.

However, it is equally well settled that the inquiry as to damages cannot go into an intended specific use, because such damages are speculative, and that such inquiry must be confined to the land with reference to its use and condition at the time of taking and not as to what use the owner might be contemplating to put it."

See also *State* v. *Tibbles* (1954), 234 Ind. 47, 123 N. E. 2d 170; and *Halstead* v. *Vandalia R. Co.* (1911), 48 Ind. App. 96, 95 N. E. 439.

The complex depicted in Exhibit N is a one-story motel composed of one-hundred units. A motel, however, may be less than 100 units and may occupy more than one story. Similarly the campsite is depicted as having 29 units even though campsites may have many more or many less units than 29. None of the landowner's qualified witnesses who testified that the highest and best use of the property would be as a motel specified that the motel should be 100 units all on the ground floor. None of the landowner's witnesses testified that a 29 unit campsite should be constructed. The landowner's valuation witnesses properly testified as to the general highest and best use of the property, in their opinion. The exhibit, on the other hand, is directed toward a *particular* motel, campsite, service station complex and should not be admissible. It was therefore error on the part of the trial court to allow Exhibit N into evidence and the verdict of the trial court must be reversed and this case shall be returned to that court for proceedings not inconsistent with this opinion.

Judgment of the trial court is reversed.

Givan, Hunter, Prentice, JJ., concur; DeBruler, J., not participating.

NOTE.—Reported in 280 N. E. 2d 813.