**CITY OF LAKE STATION, Indiana, Appellant (Plaintiff Below),**

v.

**Frank ROGERS, Appellee (Defendant Below).**

No. 64A04–8601–CV–31.

Court of Appeals of Indiana, Fourth District.

Nov. 25, 1986.

James A. Greco, Merrillville, for appellant.

Sheldon H. Cohan, George Krstovich, Merrillville, for appellee.

YOUNG, Judge.

On May 5, 1981, the City of Lake Station brought an eminent domain action seeking to condemn property owned by Frank Rogers. Rogers filed a counterclaim for inverse condemnation, alleging that from 1972 to 1981 the City removed sand from the property and used the land as a garbage dump and storage lot without compensating him. The jury returned a verdict in favor of Rogers for $49,500.00. The City appeals the verdict and presents the following issues:

    1) whether the trial court erred in admitting evidence as to the quantity and value of the sand the City removed from Rogers' property;

    2) whether the trial court erred in admitting evidence as to the amount of profits Rogers lost on the sand removed by the City;

    3) whether the trial court erred in admitting evidence as to the quantity of garbage the City dumped on Rogers' property and the cost of dumping at other sites;

    4) whether the trial court erred in admitting evidence as to the fair rental value of Rogers' property;

5) whether the trial court erred in permitting Rogers' counsel to make certain remarks during closing argument;

6) whether the trial court erred in admitting a letter written by the City's engineer to its mayor regarding the value of the sand removed and the use of the property as a garbage dump;

7) whether the trial court erred in refusing four instructions tendered by the City;

8) whether the trial court erred in giving an instruction requested by Rogers; and

9) whether the jury's verdict was supported by sufficient evidence.

We affirm.

The City argues the trial court erred in admitting evidence as to the quantity and value of the sand it removed from Rogers' property. It supports this argument with two propositions: 1) "[t]he value of minerals may not be determined separately from the land, but in all cases must be considered as part of the land and valued together with it as a unit," *State Highway Com'n v. Jones* (1977), 173 Ind.App. 243, 363 N.E.2d 1018, 1023, *citing Gradison v. State* (1973), 260 Ind. 688, 300 N.E.2d 67 (sand is to be considered as it lays and not independently of the land of which it is a part); and 2) the value of land in eminent domain proceedings is to be determined as of the date of the taking. *Indiana & Michigan Elec. Co. v. Stevenson* (1977), 173 Ind.App. 329, 363 N.E.2d 1254. From these two propositions, the City concludes that evidence regarding the sand it removed between 1972 and 1981 was inadmissible because the sand was no longer a part of the land on April 7, 1982, the date the trial court held the taking to have occurred. We disagree.

The City's argument ignores the fact that Rogers filed a counterclaim for inverse condemnation and that essentially two takings occurred. The first taking occurred during the time the City removed sand and used the land as a garbage dump and storage lot. The second taking occurred on May 5, 1981 when the City instituted eminent domain proceedings to acquire title to the land. *Jones* and *Gradison* are inapplicable because they involved only one taking and in both cases the minerals were still part of the land when eminent domain proceedings were instituted. In this case, the City took Rogers' sand and subsequently took the fee simple. Under inverse condemnation, Rogers was entitled to be compensated for the taking of his minerals even though they had been severed from the land. *See Board of Commissioners of Vanderburgh County v. Joeckel* (1980), Ind.App., 407 N.E.2d 274 (landowner entitled to damages for trees county severed from land while using its easement); *Indiana & Michigan Elec. Co. v. Stevenson, supra* (landowner entitled to compensation for corn and trees which utility company cut down while surveying land for construction project);[1] *Board of Commissioners of Rush County v. Trees* (1895), 12 Ind.App. 479, 40 N.E. 535 (landowner entitled to compensation for county officer's removal of dirt).

While the City attempts to distinguish the above cases on the basis that they involved partial rather than total takings, it fails to see that a partial taking did occur in this case. The City took Rogers' minerals and interfered with his use of the property for approximately ten years. This was a partial taking. Rogers should not be denied compensation for the partial taking simply because the City later chose to take the entire fee simple.

1. We are aware that on the original appeal in *Stevenson* the First District stated:

> Moreover, even if plaintiffs' lands are later condemned, they would not receive compensation in that action for the destruction [of the corn and trees] since the damages in condemnation actions accrue as of the date of the taking.

*Indiana & Michigan Elec. Co. v. Stevenson* (1975), 166 Ind.App. 517, 337 N.E.2d 150, 152. We interpret this dictum, however, to contemplate a subsequent eminent domain action without a counterclaim for inverse condemnation. Furthermore, even should this interpretation be incorrect, we are not bound by First District cases.

■ We agree with the City that in eminent domain cases, land is to be valued at the time of the taking, which is when the City filed suit.[2] *New Jersey, I & I R. Co. v. Tutt* (1907), 168 Ind. 205, 80 N.E. 420; *Indiana & Michigan Elec. Co. v. Stevenson* (1977), 173 Ind.App. 329, 363 N.E.2d 1254. Therefore, the City was only required to pay what the land, without the sand, was worth as of that date on the eminent domain portion of the suit. The City, however, cannot simply ignore Rogers' counterclaim for inverse condemnation. In inverse condemnation proceedings, the property is to be valued as of the date the landowner served notice of the suit upon the government. *State Highway Com'n v. Blackiston Land Co., Inc.* (1973), 158 Ind. App. 93, 301 N.E.2d 663. Hence, the City was required to pay what the sand would have been worth on that date, even though the sand was removed between 1972 and 1981.[3] The trial court therefore properly admitted evidence regarding the quantity and value of the sand removed.

■ The City next contends the trial court erred in admitting evidence as to the amount of profits Rogers lost on the sand removed from the property. The City, however, fails to make a cogent argument on this contention, fails to support it with citations to authority, and fails to direct us to the parts of the record where such evidence was admitted. Therefore, this issue was waived. Ind.Rules of Procedure, Appellate Rule 8.3(A)(7).

■ The City also claims the trial court erred in admitting evidence as to the quantity of garbage it dumped on Rogers' property and the cost of dumping garbage at other sites. Its theory is that Rogers' land was low and swampy and therefore the garbage it dumped actually benefited the land. While a landowner is not entitled to be compensated for the value of any benefits conferred upon the land by the condemnor, the burden is upon the condemnor to prove a benefit was conferred and the value of that benefit. *Gradison v. State* (1973), 260 Ind. 688, 300 N.E.2d 67. In the present case, the City never introduced any evidence as to the value of the alleged benefit it conferred upon Rogers' property. Furthermore, there was conflicting evidence as to whether the property was low and swampy. It was therefore within the jury's province to determine whether the City's use of the property as a dump conferred a benefit or actually constituted a taking for which Rogers was entitled to compensation. As we look only to the evidence most favorable to the verdict and the reasonable inferences to be drawn therefrom, *Martin v. Roberts* (1984), Ind., 464 N.E.2d 896, we must infer that the jury determined that the use of Rogers' property as a garbage dump constituted a taking for which he was entitled to be compensated. The City fails to present argument on whether the proper method for determining the compensation for such a taking is by determining the cost of dumping at other sites. The valuation issue is therefore waived. Ind.Rules of Procedure, Appellate Rule 8.3(A)(7).

■ The City next argues the trial court erred in permitting Rogers to introduce evidence as to fair rental value of the property. The City, however, waived any error that may have been committed by introducing fair rental value evidence during its case-in chief. (R. 655) "[I]t is well settled that error in admitting evidence at the trial is not available on appeal where the complaining party submits evidence to substantially the same effect."[4] *State v.*

2. In the present case, this occurred on May 5, 1981 and therefore that date, rather than the April 7, 1982 date set by the trial court, should have been used as the taking date on the eminent domain portion of the suit. Neither party, however, raised this as error.

3. In this case, Rogers filed his counterclaim on September 28, 1983 and therefore that date, rather than the April 7, 1982 date set by the trial

court, should have been used as the taking date on the inverse condemnation portion of the suit. This error also was not raised by the parties.

4. We recognize that there may be a distinction where a party introduces evidence in an attempt to explain improperly admitted evidence. *Leuck v. Goetz* (1972), 151 Ind.App. 528, 280 N.E.2d 847. In this case, however, the City's

*Monninger* (1962), 243 Ind. 174, 182 N.E.2d 426, 427.

■■■■■ The City next claims the trial court erred in allowing Rogers' attorney to make certain remarks to the jury during closing argument. The City had admitted into evidence minutes of various City Council meetings to show that Rogers failed to respond to the City's attempts to buy the property. During final argument, Rogers' attorney stated, over objection, that the City's attorney "brought in the minutes he wanted to bring in because he had control over those minutes." This statement does not constitute reversible error. "A trial judge has broad discretion in determining what is improper argument. This Court will reverse a judgment because of improper remarks by counsel only when it appears from the entire record that those remarks were probably the means of securing an incorrect verdict." *Weinstock v. Ott* (1983), Ind.App., 444 N.E.2d 1227, 1241. We do not find the remarks by Rogers' attorney to be improper. The City's attorney, during final argument, admitted that he picked out and introduced the minutes he felt to be most important. (R. 771) Rogers' statement was therefore a comment as to the evidence which had been introduced, and the inferences to be drawn therefrom. The remark therefore was not improper. *Jackson v. Beard* (1970), 146 Ind.App. 382, 255 N.E.2d 837. Furthermore, while these documents were public records and could have been inspected or subpoenaed by Rogers' attorney, the remark regarding the city attorney's control over them cannot be considered to have been the means of securing the verdict in this case. Therefore, reversible error was not committed even assuming the remark regarding control to have been improper.

■■■■■ The City also claims the trial court erred in admitting into evidence a letter dated October 20, 1981 which was written by the city engineer to the mayor. In this letter, the engineer stated that the value of the City's use of the property as a garbage dump and the value of sand removed totaled $43,200.00. The City claims that this letter was prepared for settlement purposes[5] and therefore was inadmissible. We do not need to address this argument, however, because the city engineer testified as to the contents of the letter without objection by the city attorney. "Error in the admission of evidence is harmless when other evidence of probative value is admitted without objection and is not refuted." *Maiden v. State* (1985), Ind., 477 N.E.2d 275, 276–277 *quoting Walton v. State* (1980), 272 Ind. 398, 401, 398 N.E.2d 667, 670. If error was committed by the trial court in admitting the letter, it was harmless.

■■■■■ The City also claims that the trial court erred in refusing to give four instructions which it had requested. In reviewing the refusal to give tendered instructions, the court must determine the following: 1) whether the tendered instruction correctly states the law; 2) whether the record would support the giving of the instruction; 3) whether the substance of the tendered instruction is covered by other instructions which were given; and 4) whether the refusal to give the instruction resulted in prejudice to the party who tendered it. Only upon an affirmative showing on all points will the refusal constitute reversible error. *Hogston v. Schroyer* (1983), Ind. App., 449 N.E.2d 291.

■■■■■ The first refused instruction upon which the City claims error stated:

The theory supporting damages in eminent domain is that a landowner is entitled to just compensation—not a windfall at the expense of the public.

---

fair rental value evidence was similar to and not an explanation of the evidence introduced by Rogers.

**5.** The city engineer had been instructed to justify a value for the use of the property that would, in connection with an appraisal figure of $17,830.00, amount to approximately $60,000.00. The scheme was an attempt to settle the case by justifying a $60,000.00 tax write-off for Rogers in exchange for his donation of the property to the City.

The language in this tendered instruction was taken verbatim from *Gradison v. State* (1973), 260 Ind. 688, 300 N.E.2d 67, 74. As such it is a correct statement of the law. "[T]he mere fact that certain language is employed in a judicial opinion [however] does not make it appropriate language for a jury instruction." *F.W. Woolworth Co., Inc. v. Anderson* (1984), Ind. App., 471 N.E.2d 1249, 1255. In this case the substance of the tendered instruction was adequately covered by others given by the trial court. The trial court advised the jury that Rogers was entitled to just compensation, meaning an "amount of money sufficient to put him in as good of financial position as he would have been had his property not been taken." (Instructions 1 and 3, R. 87–88) As the substance of the City's tendered instruction was adequately covered by others which were given, the trial court properly refused it.

▬▬ The second refused instruction upon which the City claims error stated:

In fixing the amount of damages which Defendant is entitled to recover as a result of the taking of the property involved, you should consider only such matters that are direct and certain results of the appropriation of the Defendant's property. No contingent, remote or speculative damages may be awarded.

While we agree with the City that the above is a correct statement of the law in that the jury may not award contingent or speculative damages, *Glendenning v. State* (1909), 173 Ind. 674, 91 N.E. 234, the City fails to cite to the record where evidence of contingent or speculative damages was introduced. It merely states, without citing to the record, that the instruction would have been proper, "especially in light of the amount of the testimony introduced at trial by [Rogers] concerning the use of the land for sand mining." (Appellee's Brief, p. 41) As the City fails to show that the record supported the giving of this instruction, the trial court properly refused it.

▬▬ The City also claims the trial court erred in refusing the following instruction:

It has long been the established rule that in determining the value of property taken by condemnation or appropriation, the availability of the property for uses other than that to which it is applied at the time of taking, so far as it may appear from the evidence, may be taken into consideration. The pre-existing use of the land is not the sole criterion by which the value is measured.

The inquiry as to damages cannot go into an intended specifice [sic] future use because such damages are speculative and such an inquiry must be confined to the land with reference to its use and condition at the time of taking and not as to what use the owner might be contemplating to put it.

This is also a correct statement of the law, *State v. Hamer* (1937), 211 Ind. 570, 199 N.E. 589, but the City once again fails to cite to the record where evidence of an intended specific future use of the property was introduced. It merely refers to "testimony pertaining to [Rogers'] intended use of his land as a sand mining operation." (Appellee's Brief, p. 43) No evidence was introduced indicating that Rogers' intended to use the property for sand mining in the future. The evidence went to the value of the sand that the City had removed in the past. Hence the record does not support the giving of an instruction upon intended specific use. The trial court therefore properly refused to give the instruction.

The City also claims the trial court erred in refusing to give the following instruction:

You are instructed that sand in place is part of the land and may not be evaluated separately from the land; but must be considered as part of the land itself. Thus, you may take into consideration evidence that the land does contain sand as a factor to be used in establishing the fair market value of that land, but it would be improper for you to base your evaluation on the amount of sand which might be removed from the land multiplied by a fixed price per unit.

Given our previous discussion on severance, this instruction is not a correct statement of the law as it applies to this case and it was therefore properly refused.

■ In addition to the problems noted above with the City's argument that the trial court improperly refused its instructions, we note that the City failed to allege, much less demonstrate, that it was prejudiced by the refusals. A demonstration of prejudice is necessary in order for the refusal of any instruction to constitute error. *Hogston v. Schroyer, supra.*

The City also argues the trial court erred by giving the following instruction because it was repetitious and allowed the jury to consider elements of damages which were speculative and representative of lost business profits.

If you find from all of the evidence that the City of Lake Station used the property of the Defendant, Frank Rogers, without compensation and without permission by using said property as a storage or parking area; or by removing sand from the property; or by dumping garbage, trash or refuse on the property then you may assess damages in favor of Defendant, Frank Rogers, and against the City of Lake Station for what you find to be the fair market value of the City's use of the Defendant's property.

We do not find the above instruction to be repetitious. While the City claims that this instruction was repetitious of Instruction Number One, the above language was given as a part of that instruction.[6] Hence the entire instruction as read to the jury provided:

The laws of Indiana provide the method by which you are to determine the amount of damages that the defendant has incurred by the reason of the taking of the property. Defendant is entitled to recover, in this case the fair market value of the real estate taken by the City of Lake Station. If you find from all of the evidence that the City of Lake Station used the property of the Defendant, Frank Rogers, without compensation and without permission by using said property as a storage or parking area; or by removing sand from the property; or by dumping garbage, trash or refuse on the property then you may assess damages in favor of the Defendant, Frank Rogers, and against the City of Lake Station for what you find to be the fair market value of the City's use of the Defendant's property. You may consider: the fair market value of the sand or soil removed from defendant's parcel of the real estate by the City of Lake Station before it initiated its condemnation action; the fair market value of the use of defendant's parcel of real estate by the City of Lake Station as a garbage, trash or refuse dump prior to it commencing its condemnation action; [and] the fair market value of the use of defendant's parcel of real estate as a storage or parking area prior to it commencing its condemnation action.

The City further claims the entire instruction as read was repetitive of Instructions Numbered 5, 6, and 7. Instruction Number 5 defined "taking". Instruction Number 6 advised the jury as to the date of the formal taking and instructed them to determine the value of the real estate and damages as of that date. Instruction Number 7 advised the jury that Rogers was "entitled to recover all damages, present or prospective, that were a natural or reasonable result of the taking of his land." "Repetition to some extent in instructions is bound to occur, but that does not make them per se erroneous." *Perry v. Goss* (1970), 253 Ind. 603, 255 N.E.2d 923, 926. The instructions in the present case were not so repetitive as to constitute error.

■ We also find that Instruction Number One did not permit the jury to consider damages that were speculative in nature and representative of lost business profits. The instruction merely advised the jury

---

**6.** Final Instruction Number One was a modification and consolidation of two instructions tendered by Rogers.

that Rogers was entitled to be compensated for the value of the real estate taken and that if they found that the City had used the property prior to commencing its eminent domain action, Rogers was entitled to be compensated for each of the uses. The instruction clearly focused on fair market value, not lost profits.[7] The trial court did not err in giving the instruction.

Lastly, the City claims the jury's verdict was not supported by sufficient evidence. When reviewing sufficiency claims in eminent domain cases, we neither reweigh the evidence nor judge the credibility of the witnesses. We consider only the evidence most favorable to the judgment and the reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value to support the judgment, it will not be reversed. *Martin v. Roberts* (1984), Ind., 464 N.E.2d 896, *Indiana Department of State Revenue v. Brown Boveri Corp.* (1982), Ind., 439 N.E.2d 561.

The evidence most favorable to the judgment indicated that the real estate itself was worth $70,000.00, the sand the City removed was worth $140,000.00, the City's use of the property as a garbage dump was worth $130,000.00, and the City's use of the property as a storage lot was worth $18,000.00. Admittedly, these figures are based on Rogers' testimony. The testimony of the landowner as to the value of his property, however, is admissible in condemnation proceedings. *State v. Hamer* (1936), 211 Ind. 570, 199 N.E. 589. We also acknowledge that these figures were higher than those given by the parties' experts. We look, however, only to the evidence most favorable to the judgment and do not reweigh the evidence or judge the credibility of the witnesses. Based on these principles, there was sufficient evidence in this case for the jury to award Rogers $49,500.00.

Affirmed.

CONOVER, P.J., and MILLER, J., concur.

7. We note for clarity that in certain cases evidence of lost profits may be admissible. *See eg. State Highway Comm. v. Jones* (1977), 173 Ind. App. 243, 363 N.E.2d 1018; *Maddox v. Yocum* (1944), 114 Ind.App. 390, 52 N.E.2d 636.