CINCINNATI INSURANCE COMPANY,
Appellant (Defendant Below),

v.

Harold COMPTON, Appellee
(Plaintiff Below).

No. 44A049003CV122.

Court of Appeals of Indiana,
Fourth District.

April 16, 1991.

Thomas C. Ewing, Fort Wayne, for appellant.

Stephen R. Snyder, Donald K. Broad, Beckman, Lawson, Sandler, Snyder & Federoff, Syracuse, for appellee.

CONOVER, Judge.

Defendant–Appellant Cincinnati Insurance Company (Cincinnati) appeals from a jury verdict in favor of Harold Compton (Compton), the insured, and subsequent denial by the trial court of Cincinnati's motion to correct errors.

We affirm.

The one issue Cincinnati raises for our review is whether the trial court committed reversible error in refusing Cincinnati's proposed instruction no. 5.

On October 11, 1986, Harold Compton's home caught fire and was destroyed. He was in the process of purchasing it under a real estate contract. Cincinnati had issued an insurance policy on the property protecting it from fire loss. When Cincinnati denied Compton's claim under the insurance policy, he filed a complaint against Cincinnati to recover insurance proceeds. Cincinnati alleged Compton had intentionally set fire to his home, and therefore, the fire fell within an exception to the insurance policy. Compton stipulated to the incendiary origin of the fire but denied he was the arsonist.

During the trial, the court excluded Cincinnati's proposed instruction no. 5. The jury returned a verdict in favor of Compton and assessed damages of $79,750 and rea-

sonable attorney fees. The trial court denied Cincinnati's motion to correct errors. Cincinnati appeals.

Additional facts as necessary are included below.

Cincinnati contends it was reversible error for the trial court to refuse proposed instruction no. 5. It reads:

> You may determine that the defense of arson has been established if you find, by a preponderance of the evidence, that plaintiff Harold Compton had the opportunity to set the fire or procure another to set the fire, and that Harold Compton had a motive to set the fire.

As the parties have stipulated that the fire was incendiary in its origin, to-wit, the result of a deliberate and intentional act of arson, the court instructs you that the insurance company does not have an obligation to offer any further proof as to the incendiary or intentional cause of the fire.

If you find, from a preponderance of the evidence, that the plaintiff Harold Compton had both the opportunity to and motive to set the fire, then you may return a verdict in favor of the defendant, Cincinnati Insurance Company, in this case.

Cincinnati strongly urges in Indiana the three essential elements in the arson defense are: a) a fire incendiary in nature, b) an opportunity to commit the incendiary act, and c) a motive to cause the fire. Cincinnati contends the proposed instruction was the only one which covered the essential element of opportunity.

Cincinnati cites *Dean v. Insurance Co. of North America* (1983), Ind.App., 453 N.E.2d 1187, and *Palace Entertainment, Inc. v. Bituminous Cas. Corp.* (7th Cir. 1986), 793 F.2d 842, as holding it is indisputable incendiary cause, motive, and opportunity are the essential elements of the arson defense in Indiana. We disagree.

*Dean* differs from the present case because it involved a jury verdict in favor of the insurance company from which the insured appealed. Because of the nature of arson, we held the insurer was entitled to rely on circumstantial evidence in sustaining its burden of proof. We did not enumerate motive and opportunity as essential elements of the defense of arson.

In *Palace*, the court addressed the requisite standard of proof and concluded the insurer must establish the affirmative defense of arson by a preponderance of the evidence, even if the defense imputes criminal activity by the insured. *Palace, supra.* at 844. Nowhere in the case is motive, opportunity, and incendiary cause referred to or mentioned. Citations to other jurisdictions not-withstanding, Cincinnati has not presented the court with Indiana case law to establish the elements it claims are essential to the defense of arson.

Under Indiana law, mere opportunity to commit a crime or suspicion of guilt are insufficient to sustain a conviction. There must be evidence, direct or circumstantial, that the defendant, in fact, was the perpetrator. *Manlove v. State* (1968), 250 Ind. 70, 232 N.E.2d 874, 881, *reh. den'd.*, 250 Ind. 70, 235 N.E.2d 62. While this is a civil case, the principle remains the same. Mere opportunity or suspicion does not establish Cincinnati's defense by a preponderance of the evidence. Only direct or circumstantial evidence, or a reasonable inference arising from the evidence Compton set the fire is sufficient.

Cincinnati correctly states evidence of Compton's motive and opportunity is in the record and is consistent with Cincinnati's theory of the case. The record indicates Compton would benefit financially from the receipt of the insurance proceeds. Compton had put the house on the market for sale unsuccessfully. (R. 223, 387, 513). Compton had a bank debt of $16,880.85 and cash of $10,613.07. (R. 127, 128). Prior to the fire, the living room and dining room sagged, and one half of the main floor of the home had no vertical support. (R. 714, 716). Compton admitted to opportunity. He was on the property alone when the fire started, and he saw no suspicious people or vehicles around his house on the night of the fire. (R. 367, 368). He stored flammable liquids in his garage and could think of no enemies who would burn down his

home. (R. 386, 503). Since the defense of arson can be proved by direct or circumstantial evidence, Cincinnati presented this circumstantial evidence of motive and opportunity to the jury to prove its theory of defense.

■ Cincinnati correctly notes it is reversible error for a trial court to refuse an instruction covering an essential element of the case when it is supported by some evidence, is consistent with the theory of the case, and no other instruction covers that area of the law. *Burkett v. Crulo Trucking Company* (1976), 171 Ind.App. 166, 355 N.E.2d 253, 261–262. Cincinnati contends without its instruction, the jury was left with impression direct evidence was necessary to prove Compton ignited the blaze. We disagree.

The trial court gave instruction nos. 8, 9, 13, and 14. Final instruction no. 8 stated the arson defense may be established by circumstantial evidence, rather than direct. Instruction no. 9 stated if by the preponderance of the evidence Cincinnati proved Compton had intentionally set the fire, the verdict should be in favor of Cincinnati. Instruction no. 13 listed circumstances which could be construed to constitute an alleged motive on the part of Compton. Lastly, instruction no. 14 distinguished between direct and circumstantial evidence stating circumstantial evidence would be of no less value than direct evidence in reaching the verdict. Thus, the jury could not infer direct evidence was necessary to prove Compton set the fire. We hold the trial court was correct in finding these instructions covered Cincinnati's burden of proof under Indiana law.

When reviewing the refusal to give certain instructions, we must determine whether: 1) the tendered instruction correctly stated the law; 2) the record would support the giving of the instruction; 3) the substance of the tendered instruction was covered by other instructions which were given; and 4) the refusal to give the instruction resulted in prejudice to the party who tendered it. *City of Lake Station v. Rogers* (1986), Ind.App., 500 N.E.2d 235, 240. Only upon an affirmative showing on all points will the refusal constitute reversible error. *Id.* We cannot reverse the trial court's judgment for an error in an instruction which clearly did not affect the result. *Grad v. Cross* (1979), 182 Ind.App. 611, 395 N.E.2d 870, 873.

The proposed instruction was not necessary to correctly state Indiana law. Indiana law permits circumstantial evidence to prove the defense of arson. *Dean, supra,* at 1195. It does not mandate the type of instruction Cincinnati proposed. The instructions the court gave explained to the jury circumstantial evidence had as much weight as direct evidence in the case of arson. No prejudice resulted to Cincinnati because the circumstantial evidence referred to was already in the record. Therefore, the trial court did not commit reversible error in refusing to submit the proposed instruction.

Judgment affirmed.

CHEZEM and GARRARD, JJ., concur.