**John R. BRADLEY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 65A01–0106–CR–236.**

Court of Appeals of Indiana.

March 22, 2002.

Conor O'Daniel, Evansville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy At-

torney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

John R. Bradley appeals his convictions of possession of chemical reagents or precursors with intent to manufacture methamphetamine,[1] a Class D felony, and possession of a controlled substance,[2] a Class D felony. He presents the following issues for our review, which we restate as:

I. Whether the trial court erred in imposing concurrent and enhanced sentences of three years on each of the convictions.

II. Whether the trial court erred by not granting his motion for judgment on the evidence on the basis that the State failed to prove that he intended to manufacture methamphetamine for reasons other than his personal use which was specifically excluded by IC 35–48–18.

III. Whether the State presented sufficient evidence of constructive possession to support the convictions beyond a reasonable doubt.

IV. Whether the trial court erred by excluding evidence that a search of a co-defendant's property produced remnants of a suspected methamphetamine laboratory.

We affirm.

## FACTS AND PROCEDURAL HISTORY

The facts reveal that on October 12, 2000, at approximately 2:45 a.m., Officer Thomas Latham of the Mount Vernon Police Department, while on patrol, saw a pick-up truck with no license plate illumination lights. Latham stopped the truck and as he approached the driver's door noticed a length of cut garden hose in the bed of the truck. Latham obtained identification from the driver, Jason Ashworth, and the passenger, Bradley. Latham then asked for and received Ashworth's consent to search the interior of the truck.

During the search, Latham discovered an orange bag under the passenger's seat which contained a small bag of white powder, a scale, tubing, sixty-four blister packs of psuedoephedrine pills, each containing twenty-four pills, a pill bottle containing over one thousand pills, forty-nine lithium batteries, twist ties, sandwich bags, and coffee filters. Knowing that these items could be used in the manufacture and distribution of methamphetamine, Latham called for narcotics officers. Ashworth and Bradley were handcuffed and advised of their *Miranda* rights. Bradley admitted that the orange bag belonged to him and told Latham that he previously had Ashworth stop on a country road so that he could retrieve the bag. Bradley also informed Latham that Ashworth did not know what the bag contained.

Following his convictions, the trial court sentenced Bradley to three years' imprisonment. He now appeals.

## DISCUSSION AND DECISION

### I. Sentencing

Bradley contends that the trial court improperly sentenced him to an enhanced period of imprisonment. He argues that the trial court failed to properly consider evidence in mitigation of the crime and that the imposition of the maximum sentence is manifestly unreasonable.

---

**1.** *See* IC 35–48–4–14.5.

**2.** *See* IC 35–48–4–7(a).

Sentencing decisions are entrusted to the sound discretion of the trial court, are given great deference, and will only be reversed for abuse of discretion. *Blanche v. State*, 690 N.E.2d 709, 714 (Ind. 1998). The trial court's sentencing discretion includes the determination of whether to increase presumptive penalties, and in so doing, determining which aggravating and mitigating circumstances to consider, and the weight to accord each of these factors. *Allen v. State*, 719 N.E.2d 815, 817 (Ind.Ct.App.1999), *trans. denied* (2000). It is within the sentencing court's discretion to determine whether a sentence should be enhanced based upon legitimate aggravating factors. *Carlson v. State*, 716 N.E.2d 469, 471 (Ind.Ct.App.1999). A trial court may enhance a presumptive sentence based upon the finding of only one valid aggravating circumstance. *Sherwood v. State*, 702 N.E.2d 694, 699 (Ind.1998).

Bradley argues that the trial court erred in enhancing his sentence. However, our review of the record reveals that the trial court properly considered Bradley's prior criminal history as an aggravating circumstance. He had been previously convicted of fleeing law enforcement and domestic battery. As mentioned, only one valid aggravating circumstance is required to enhance a sentence. A criminal history is sufficient in and of itself to impose an enhanced sentence. *Pruitt v. State*, 622 N.E.2d 469, 474 (Ind. 1993). Having determined that the trial court properly relied upon this aggravating circumstance in enhancing Bradley's sentence, we need not consider the adequacy of the other aggravating circumstances considered by the trial court.

Bradley next argues that in sentencing him, the trial court failed to consider certain mitigating circumstances. However, we note that the finding of mitigating factors is discretionary with the trial court, and the trial court is not required to find the presence of particular mitigating circumstances. *Fugate v. State*, 608 N.E.2d 1370, 1374 (Ind.1993). Further, the trial court is not required to weigh or credit the evidence of mitigating circumstances in the same manner that the defendant suggests they should be credited or weighed. *Id.* Based upon our review of the record, we cannot conclude that Bradley's purported mitigating circumstances are so "clearly and indisputably mitigating" that the trial court erred in its evaluation. *Timberlake v. State*, 690 N.E.2d 243, 264 (Ind.1997), *cert. denied*, 525 U.S. 1073, 119 S.Ct. 808, 142 L.Ed.2d 668 (1999).

Finally, we note that although we have the authority to review and revise sentences, we will not do so unless the sentence imposed is "manifestly unreasonable in light of the nature of the offense and the character of the offender." *Merrill v. State*, 716 N.E.2d 902, 905 (Ind.1999) (citing *Carter v. State*, 711 N.E.2d 835, 841 (Ind.1999); Ind. Appellate Rule 7(B)). Our review is deferential to the trial court. As our supreme court explained: "[T]he issue is not whether in our judgment the sentence is unreasonable, but whether it is clearly, plainly, and obviously so." *Id.* (quoting *Bunch v. State*, 697 N.E.2d 1255, 1258 (Ind.1998)). We have traditionally been reluctant to modify a sentence on appeal, provided it falls within the statutory boundaries and there is no clear evidence of abuse. *Hardebeck v. State*, 656 N.E.2d 486, 490 (Ind.Ct.App.1995). In addressing Bradley's argument that his sentence is manifestly unreasonable, we note that a three-year sentence is authorized by statute for the crimes he committed. Furthermore, given the evidence, we cannot say that this sentence was clearly, plainly, and obviously unreasonable. We see nothing in the character of this offense or this

offender that suggests that this sentence is too harsh for the crime committed. Accordingly, we cannot say that the sentence was manifestly unreasonable under Appellate Rule 7(B).

## II. Judgment on the Evidence

Bradley next alleges that the trial court erred in denying his motion for judgment on the evidence at the close of the State's case. He claims that he cannot be convicted of possessing chemical reagents with the intent to manufacture methamphetamine because the State failed to prove that he intended to manufacture it for other than his own personal use. He maintains that "manufacture" as defined in IC 35–48–1–18 requires that the State prove that the methamphetamine was not manufactured for his own use. The statute in effect at the time of his conviction defined "manufacture" as

> (1) the production, preparation, propagation, compounding, conversion, or processing of a controlled substance, either directly or indirectly by extraction from substances of natural origin, independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging or repackaging of the substance or labeling or relabeling of its container. *It does not include the preparation or compounding of a controlled substance by an individual for his own use* or the preparation, compounding, packaging, or labeling of a controlled substance:
>
> (A) by a practitioner as an incident to his administering or dispensing of a controlled substance in the course of his professional practice; or

> (B) by a practitioner, or by his authorized agent under his supervision, for the purpose of, or as an incident to, research, teaching, or chemical analysis and not for sale[.]

(Emphasis added).[3]

Recently, in *Hatcher v. State,* 762 N.E.2d 170 (Ind.Ct.App.2002), a panel of this court faced the same issue. In determining whether the General Assembly intended to create an exception for individuals who manufacture methamphetamine for their own use, Judge Mattingly–May wrote that "[t]he legislature could not have intended to enact a statute allowing one to be subjected to criminal liability for possession of the ingredients of methamphetamine, but to be excluded from liability if the ingredients were used to manufacture the finished product." *Id.* at 173. The court noted that the legislature could not have intended to create the "absurd result" that an individual can permissibly manufacture methamphetamine for his personal use. *Id.*

■ However, we find the reasoning employed by Judge Sullivan in his concurring opinion in *Hatcher* persuasive. We agree that the "clear language" of the statute controls and that "[w]e cannot avoid the legislature's obviously conscious choice of words in drafting the statute." *Id.* at 174. As Judge Sullivan noted: "The General Assembly is not constitutionally, or otherwise, prohibited from enacting extremely poor public policy into law. The legislature, in its eminent wisdom, is at liberty to do so, so long as neither the United States Constitution nor the Indiana Constitution is violated." *Id.* at 175. Employing this reasoning here, we conclude that the statute must be given a reasonable construction so as to give effect to the

**3.** The statute was amended in 2000 to delete the italicized language upon which Bradley relies.

intent of the legislature, rather than straining the interpretation to the point of defeating legislative intent. Because the statute is clear that preparation or compounding of a controlled substance for personal use is exempted from the definition of "manufacture" as then used in IC 35–48–1–18, we hold that Bradley could be convicted of the crime of possession of chemical reagents with the intent to manufacture methamphetamine only if the State proved that the intent to manufacture methamphetamine was not for his personal use.

Having determined this, however, we further conclude that evidence in the record demonstrates that the State carried its burden and proved that Bradley's involvement was not solely for his personal use. To the contrary, the orange bag contained a bag of white powder, a scale, tubing, sixty-four blister packs of psuedoephedrine pills, each containing twenty-four pills, a pill bottle containing over one thousand pills, forty-nine lithium batteries, twist ties, sandwich bags, and coffee filters. This gives rise to the reasonable inference that Bradley did not intend to manufacture methamphetamine solely for his own use. Accordingly, the trial court did not err in refusing to grant Bradley's motion for judgment on the evidence at the close of the State's case.

### III. Sufficiency of the Evidence

Bradley next contends that the evidence was insufficient to support convictions for possession of a controlled substance and constructively possessing chemical reagents or precursors with the intent to manufacture methamphetamine where the evidence was found in Ashworth's truck and no fingerprints were taken to determine ownership of the bag and its contents. We do not agree.

In reviewing an appellate claim that the evidence was insufficient, our standard of review is well settled. We will not reweigh the evidence or judge the credibility of witnesses. *Bradford v. State*, 675 N.E.2d 296, 298 (Ind.1996). We examine the evidence most favorable to the judgment and all reasonable inferences that may be drawn therefrom. *Snyder v. State*, 655 N.E.2d 1238, 1240 (Ind.Ct.App. 1995). We will sustain a conviction only when each material element of the charge is supported by evidence in the record from which a rational trier of fact could have found guilt beyond a reasonable doubt. *Id.*

In the instant case, the State had the burden of producing substantial evidence on each element of the two offenses. The crime of possessing chemical reagents or precursors with intent to manufacture methamphetamine is defined in IC 35–48–4–14.5(c), which provides in relevant part: "A person who possesses two (2) or more chemical reagents or precursors with the intent to manufacture ... methamphetamine ... commits a Class D felony." The crime of possession of a controlled substance, as a Class D felony, is defined in IC 35–48–4–7(a), which requires the State to prove that a person "knowingly or intentionally" possessed a controlled substance classified in schedule I, II, III, or IV without a valid prescription. We find evidence in the record before us on appeal to establish the element of possession that is required for both offenses.

Indiana law recognizes two kinds of possession: actual possession and constructive possession. *Covelli v. State*, 579 N.E.2d 466, 475 (Ind.Ct.App.1991), *trans. denied* (1992). When a person knowingly has direct physical control over an object at a certain time then he or she has actual possession of it. *Id.* When a person does not have actual possession,

but instead knowingly has the capability and intent to exercise dominion and control over the object then this person is deemed to constructively possess the object. *Id.; Lampkins v. State*, 685 N.E.2d 698, 699 (Ind.1997).

Here, because Bradley did not actually possess the orange bag found underneath the passenger's seat, the State relied upon constructive possession to establish the two offenses. In order to establish constructive possession, the State must show that the defendant had (1) the intent to maintain dominion and control over the drugs and (2) the capability to maintain dominion and control over the drugs. *Henderson v. State*, 715 N.E.2d 833, 835 (Ind.1999); *Goliday v. State*, 708 N.E.2d 4, 6 (Ind.1999). To prove intent, the State must establish the defendant's knowledge of the contraband, which may be inferred from either the exclusive dominion and control over the premises or, when control is non-exclusive, from evidence of additional circumstances indicating the defendant's knowledge of the contraband and its presence. *Henderson*, 715 N.E.2d at 835–36; *Goliday*, 708 N.E.2d at 6. Such additional circumstances include, but are not limited to, the following: (1) incriminating statements made by the defendant; (2) attempted flight or furtive gestures; (3) a manufacturing setting; (4) proximity of the defendant to the contraband; (5) location of the contraband within the plain view of the defendant; and (6) location of the contraband within close proximity of items owned by the defendant. *Henderson*, 715 N.E.2d at 836.

In the present case, Bradley did not have exclusive possession of the pickup truck in which the orange bag and its contents were found, and his mere presence at the location where the bag was found is not alone sufficient to establish constructive possession. *Godar v. State*,

643 N.E.2d 12, 15 (Ind.Ct.App.1995), *trans. denied*. The State however presented evidence of Bradley's proximity to the orange bag under the seat in which he had been sitting at the time of the stop and his admission of ownership of the bag. Further, Bradley told the arresting officer that Ashworth did not know the contents of the bag and that he had asked Ashworth to stop on a country road so that he could retrieve the bag. This was sufficient to prove his constructive possession of the contents of the bag.

Although Bradley denied ownership of the bag and its contents at trial, on appeal we are unable to reweigh the evidence or judge the credibility of witnesses. The trier of fact must resolve conflicts in the evidence and determine which witness testimony to credit. *See McClendon v. State*, 671 N.E.2d 486, 488 (Ind.Ct.App. 1996) ("The trier of fact is free to believe or disbelieve witnesses, as it sees fit."). Based upon the State's presentation of evidence, the trier of fact could have reasonably concluded beyond a reasonable doubt that Bradley committed the crimes with which he was charged.

## IV.  Admissibility of Evidence

Finally, Bradley argues that the trial court erred by not allowing him to question Detective Terry Cooper about remnants of a suspected methamphetamine lab located on Ashworth's property. Bradley maintains that such evidence is exculpatory and relevant to Ashworth's intent with respect to the items found in his truck. He contends that this evidence would have raised a reasonable doubt as to who in fact constructively possessed the orange bag and its contents. We disagree.

The evidentiary rulings of a trial court are afforded significant deference upon appeal, and will be reversed

only if the court has abused its discretion resulting in the denial of a fair trial. *Herrera v. State,* 710 N.E.2d 931, 935 (Ind. Ct.App.1999). An abuse of discretion will only occur when the ruling is clearly against the logic and effect of the facts and circumstances before the trial court. *Jackson v. State,* 697 N.E.2d 53, 54 (Ind. 1998). "The term 'discretion' implies the absence of a hard and fast rule or a mandatory procedure regardless of varying circumstances." *Lucre Corp. v. County of Gibson,* 657 N.E.2d 150, 153 (Ind.Ct.App. 1995) (quoting *Stone v. State,* 536 N.E.2d 534, 538 (Ind.Ct.App.1989), *trans. denied).* "Matters committed to the discretion of the trial court are those requiring an on-the-spot decision to be made in light of the trial judge's knowledge, sense of fairness and equity, and the facts and circumstances present in the courtroom." *Id.* at 152–53

We initially note that Bradley neglects to provide citation to authority in support of this claim. Therefore, consideration of this issue has been waived. Ind.Appellate Rule 8.3(A)(7). Waiver notwithstanding, Bradley's claim fails. Pursuant to Ind. Evid. R. 401, "relevant evidence" is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Here, the trial court determined that the fact that there *had been* a lab at Ashworth's residence was not relevant to the pending case against Bradley. Given our standard of review, the trial court did not err in concluding that the fact there was a lab at Ashworth's residence was any more indicative that Ashworth was manufacturing methamphetamine than that Bradley was. The trial court stated that the evidence presented by the State "points both to Mr. Ashworth and to Mr. Bradley … as to

whether there was an intent to operate a lab." *Transcript* at 71. Accordingly, the trial court did not abuse its discretion by disallowing questioning concerning evidence found during the search of Ashworth's residence.

Affirmed.

SULLIVAN and ROBB, JJ., concur.