Roy MATTHEWS, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0211–CR–989.

Court of Appeals of Indiana.

Aug. 6, 2003.

Bruce E. Andis, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Nandita G. Shepherd, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Roy Matthews ("Matthews") was convicted of possession of cocaine,[1] as a Class C felony, and possession of marijuana,[2] as a Class A misdemeanor, in Marion Superior Court. He was sentenced to concurrent terms of six years with two years suspended for the possession of cocaine conviction and 365 days for the possession of marijuana conviction. Matthews appeals arguing that the evidence is insufficient to sustain his convictions for possession of cocaine and marijuana. Concluding that the State presented sufficient evidence that Matthews constructively possessed the cocaine and marijuana at issue, we affirm.

### Facts and Procedural History

In December 2001, Indianapolis Police Detective Timothy Day ("Detective Day") was conducting a narcotics investigation. Pursuant to that investigation, Detective Day was performing surveillance on a house located at 525 West Eugene Street in Indianapolis. Both the front and rear doors of that house were barricaded, but over a two-day period Detective Day observed several individuals entering and exiting the house through the rear door. On December 6, 2001, Detective Day obtained a search warrant, and that warrant was executed by Day, Detective Mike Forrest, and a SWAT team at approximately 8:00 p.m.

Upon entering the house, the SWAT team observed that Matthews and two other individuals were located in the small family room area.[3] After the SWAT team secured the family room, Detectives Day and Forrest entered and observed a plastic bag containing cocaine on a heating register on the floor, and a plastic bag containing marijuana on top of the television set. The amount of the cocaine in the plastic bag was 20.0662 grams, and the weight of the marijuana was 0.9 gram. Ex. Vol., State's Ex. 7.

On December 7, 2001, Matthews was charged with Class C felony possession of cocaine and Class A misdemeanor possession of marijuana. He waived his right to a jury trial and a bench trial commenced on October 16, 2002. The trial court found Matthews guilty as charged and sentenced him to concurrent terms of six years, with two years suspended, for the possession of cocaine conviction and 365 days for the possession of marijuana conviction. However, the trial court also stated that if Matthews obtained his GED, he could then serve the remainder of his sentence on work release, and upon successful completion of 120 days of steady employment on work release, he could serve any remainder of his sentence in home detention. Appellant's App. p. 15. Matthews now

---

1. Ind.Code § 35–48–4–6 (1998).

2. Ind.Code § 35–48–4–11 (1998).

3. The family room was described as being approximately twelve feet by twelve feet and "not very big." Tr. p. 35.

appeals. Additional facts will be provided as necessary.

## Standard of Review

██ Our standard of review for sufficiency claims is well settled. We neither reweigh the evidence nor judge the credibility of the witnesses. *Cox v. State,* 774 N.E.2d 1025, 1029 (Ind.Ct.App.2002). We only consider the evidence most favorable to the judgment and the reasonable inferences that can be drawn therefrom. *Id.* Where there is substantial evidence of probative value to support the judgment, it will not be disturbed. *Armour v. State,* 762 N.E.2d 208, 215 (Ind.Ct.App.2002), *trans. denied.*

## Discussion and Decision

██ Matthews argues that the evidence was insufficient to support his convictions for Class C felony possession of cocaine and Class A misdemeanor possession of marijuana because the State failed to prove that he constructively possessed the cocaine and marijuana found in the house. Specifically, Matthews argues that because he did not have exclusive possession of the premises and the State failed to prove additional circumstances that would demonstrate his knowledge of the presence of the contraband, his convictions must be reversed for lack of sufficient evidence.

To sustain a conviction for Class C felony possession of cocaine, the State had to present sufficient evidence that Matthews, "without a valid prescription or order of a practitioner acting in the course of the practitioner's professional practice, knowingly or intentionally" possessed cocaine with a weight of three grams or more.

See Ind.Code § 35–48–4–6 (1998). Similarly, to obtain a conviction for Class A misdemeanor possession of marijuana, the State had to present sufficient evidence that Matthews knowingly or intentionally possessed marijuana. *See* Ind.Code § 35–48–4–11 (1998).

██ "In order to prove constructive possession, the State must show that the defendant has both (1) the intent to maintain dominion and control and (2) the capability to maintain dominion and control over the contraband." *Goliday v. State,* 708 N.E.2d 4, 6 (Ind.1999). The State must demonstrate the defendant's knowledge of the presence of the cocaine and marijuana to prove the intent element. *See Armour,* 762 N.E.2d at 216.

"This knowledge may be inferred from either the exclusive dominion and control over the premise containing the contraband or, if the control is non-exclusive, evidence of additional circumstances pointing to the defendant's knowledge of the presence of the contraband." The defendant's proximity to contraband "in plain view" is an "additional circumstance" that will support an inference of intent in this context.[4] Also, "a substance can be possessed jointly by the defendant and another without any showing that the defendant had actual physical control thereof." However, when possession is nonexclusive the State must demonstrate that the defendant had actual knowledge of the presence and illegal character of the substance.

*Id.* (internal citations omitted). To prove that the defendant had the capability to

---

4. Such additional circumstances include, but are not limited to: "(1) incriminating statements made by the defendant; (2) attempted flight or furtive gestures; (3) a manufacturing setting; (4) proximity of the defendant to the contraband; (5) location of the contraband within the plain view of the defendant; and (6) location of the contraband within close proximity of items owned by the defendant." *Bradley v. State,* 765 N.E.2d 204, 212 (Ind.Ct. App.2002).

maintain dominion and control over the contraband, the State must demonstrate that the defendant is able to reduce the controlled substance to his personal possession. *Id.*

In support of his argument that the State failed to prove that he constructively possessed the cocaine and marijuana, Matthews relies on our decision in *Moore v. State*, 613 N.E.2d 849 (Ind.Ct.App.1993).[5] In *Moore*, police officers executing a search warrant discovered eight small yellow bags of crack cocaine and a brown leather pouch in which there were two individually wrapped packages containing crack cocaine on a cocktail table in plain view. 613 N.E.2d at 850. Moore, one of several persons inside the apartment at the time of the search, was lying on a couch approximately four feet from the table when the officers executed the search warrant. *Id.* at 850–51. Moore, who appeared to be intoxicated and disoriented at the time, did not have any drugs, money, or paraphernalia in his personal possession. *Id.*

Moore appealed his conviction for possession of cocaine and our court reversed holding:

> In this simple possession case, the state failed to make any connection between Moore and the premises where the contraband was seized, other than Moore's presence in the apartment at the time of the raid. At best, the state proved that Moore was present in the apartment when the police executed their search warrant, that Moore had knowledge of 1.1257 grams of crack cocaine present in the apartment, that Moore was intoxicated and disoriented when the police arrived and that Pollard exercised a possessory interest in the premises where the raid occurred. The state failed to prove that Moore had the capability to maintain control over the seized contraband. For that reason, the state failed to prove that Moore had constructive possession of the seized contraband.[6]

*Id.* at 853.

Matthews argues that like the defendant in *Moore* 1) there was no contraband found on his person; 2) he did not attempt to flee and did not engage in furtive conduct; 3) the contraband was not in close proximity, nor commingled with, his personal belongings; and 4) none of Matthews' personal belongings were found in the house. Br. of Appellant at 10. Also, he notes that there was no evidence presented that he was under the influence of any illegal substance. *Id.* Simply put, Matthews contends that his presence in the house in close proximity to contraband in plain view is not enough to support his convictions for possession of cocaine and marijuana.

However, we observe that unlike the facts in *Moore*, in this case, Matthews and the two other individuals were found in a partially vacant house with barricaded doors, and neither Matthews nor the other two individuals either owned or lived at the house. Also, in *Moore*, Pollard, the individual who had resided in the apartment

---

5. Matthews also relies on our decision in *Godar v. State*; however, the facts presented in *Godar* are clearly distinguishable from the facts in this case because the marijuana in *Godar* was found underneath the front passenger seat of a vehicle and was not in plain view. *Godar*, 643 N.E.2d 12, 13 (Ind.Ct.App. 1994).

6. Judge Barteau dissented noting that "convictions based on a theory of constructive possession, where the defendant is a mere visitor in the dwelling, are routinely upheld." *Id.* at 854 (citations omitted). Judge Barteau stated that Moore's presence in the apartment and the additional factors of Moore's close proximity to the cocaine in plain view "are sufficient to withstand a challenge to the sufficiency of the evidence." *Id.*

and still kept some of his personal possessions there, had never met the defendant until they were both arrested as a result of the drug raid.[7] *Moore*, 613 N.E.2d at 852. Conversely, in this case, Matthews testified that he was at the house visiting his cousin. Tr. p. 44.

Our Indiana courts have consistently held that a defendant's close proximity to contraband within the defendant's plain view is an additional circumstance that will support an inference of the defendant's knowledge of the presence of the contraband. *See e.g. Henderson v. State*, 715 N.E.2d 833, 836 (Ind.1999); *Lampkins v. State*, 685 N.E.2d 698, 700 (Ind.1997) ("Proximity to contraband 'in plain view' is an additional circumstance which supports the inference of intent in this context."); *Bradley v. State*, 765 N.E.2d 204, 212 (Ind. Ct.App.2002). Under these facts and circumstances, we hold that Matthews's close proximity to the cocaine and marijuana, which were in his plain view, is sufficient to establish that Matthews had both the intent and capability to maintain dominion and control over the contraband. Therefore, the evidence was sufficient to support Matthews' convictions for possession of cocaine and possession of marijuana.

Affirmed.

MAY, J., concurs.

KIRSCH, J., dissents with separate opinion.

KIRSCH, Judge, dissenting.

I respectfully dissent.

While I agree with the majority that proximity to contraband in plain view is a circumstance to be considered in determining constructive possession, I do not think that under the facts of this case—where the only circumstance is such proximity—

that the evidence is sufficient to support Matthews' conviction. In each of the cases cited by the majority, there were additional circumstances supporting the inference of intent to possess the contraband or the evidence was held insufficient. In *Lampkins v. State*, 685 N.E.2d 698, 700 (Ind. 1997), the evidence was deemed sufficient where, in addition to proximity and plain view, the co-defendant had testified that she and defendant had just returned from Atlanta where they went "to get some drugs." In *Bradley v. State*, 765 N.E.2d 204, 212 (Ind.Ct.App.2002), the evidence was deemed sufficient where the contraband was located in a bag under the passenger seat in which the defendant was traveling, the defendant admitted ownership of the bag, the defendant told police that the other occupant of the truck did not know the contents of the bag, and that the defendant asked the other occupant to stop and retrieve the bag. Finally, in *Henderson v. State*, 715 N.E.2d 833 (Ind. 1999), our supreme court held that proximity and plain view, standing alone, were not sufficient to establish illegal possession of a hand gun where another passenger in the automobile had a license to carry the gun.

Here, the only evidence to support the possession conviction is Matthews' proximity to contraband in plain view. As in *Moore v. State*, 613 N.E.2d 849 (Ind.Ct. App.1993), the State failed to make any connection between Matthews and the premises where the contraband was seized other than Matthews' presence at the time the contraband was seized. I would reverse Matthews' conviction.

---

7. Pollard was outside of the apartment building at the time the search warrant was executed. *Id.* at 850.