**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**RYAN M. SPAHR**
Spahr Law Office, LLC
Indianapolis, Indiana

**ADAM S. MEARS**
Mears Law, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KRISTIN GARN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RITCHIE TOWNSEND, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1407-MI-462 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Stanley Kroh, Judge Pro Tempore
Cause No. 49G03-1403-MI-7437

**January 20, 2015**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Ritchie Townsend appeals the trial court's denial of his petition to expunge his 1988 conviction for class B felony criminal confinement. Finding no error, we affirm.

## FACTS

On July 5, 1988, Townsend pleaded guilty to class B felony criminal confinement. He was sentenced to ten years, with two years suspended to probation. Townsend completed his eight-year sentence, successfully finished his two years of probation, and paid his court-ordered debt. Since his release, he has amassed no additional criminal history.

On March 11, 2014, Townsend filed a petition to expunge his conviction. On May 21, 2014, the trial court denied Townsend's petition based on its consideration of "the nature of the conviction, among other things, this being an offense against a person . . . ." Appellant's App. p. 13. Townsend now appeals.

## DISCUSSION AND DECISION

Townsend argues that the trial court abused its discretion in denying his expungement petition. An abuse of discretion is found only where the decision is clearly against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. State v. Willits, 773 N.E.2d 808, 811 (Ind. 2002).

The version of Indiana Code section 35-38-9-4 that was in effect at the time Townsend filed his petition provides, in relevant part, as follows:

    (e)    If the court finds by clear and convincing evidence that:

        (1)    the period required by this section has elapsed;

2

(2) no charges are pending against the person;

(3) the person does not have an existing or pending driver's license suspension;

(4) the person has successfully completed the person's sentence, including any term of supervised release, and satisfied all other obligations placed on the person as part of the sentence; and;

(5) the person has not been convicted of a crime within the previous eight (8) years;

the court <u>may</u> order the conviction records described in subsection (c) marked as expunged in accordance with section 7 of this chapter. . . .

(Emphasis added).[1] Townsend concedes that the language of this statute is discretionary. See <u>Taylor v. State</u>, 7 N.E.3d 362, 365-66 (Ind. Ct. App. 2014) (observing that "[t]he legislature's decision to use 'may' instead of 'shall' as it did in Section 35-38-9-4(e) indicated that it intended to give trial courts discretion not to grant expungement even when all of the statutory requirements were satisfied under that particular section"). In other words, even if a petition meets all of the statutory requirements, the decision to grant or deny the petition to expunge rests within the trial court's sound discretion. See <u>Bradley v. State</u>, 765 N.E.2d 204, 213 (Ind. Ct. App. 2002) (noting that "'discretion' implies the absence of a hard and fast rule or a mandatory procedure regardless of varying circumstances").

In its order denying Townsend's petition, the trial court explained that its denial rested on the nature of the conviction, specifically, "this being an offense against a

---

[1] This statute was amended by Indiana Public Law 181-2014 Section 10, effective March 26, 2014—approximately two weeks after Townsend filed his petition. Both parties refer to the version of the statute that was effective at the time Townsend's petition was filed, and we follow suit herein.

person . . . ." Appellant's App. p. 13. The version of the criminal confinement statute in effect in 1988 provided that a criminal confinement conviction could be elevated to the level of a B felony if the defendant committed the act while armed with a deadly weapon or caused serious bodily injury to the victim. Ind. Code § 35-38-9-4 (West 1988). While we do not know which of these conditions was fulfilled to elevate Townsend's conviction to a class B felony, it was reasonable for the trial court to infer that one of the two had to have been met in this case. Nothing in Indiana Code section 35-38-9-4 indicates that the trial court may not consider the nature of the conviction in determining whether to grant or deny a petition to expunge the conviction. Therefore, we find nothing in this record to support an assertion that the trial court abused its discretion in denying Townsend's petition to expunge his conviction.[2]

We note that if a petition for expungement is denied due to the trial court's exercise of its discretion under Indiana Code section 35-38-9-4, another petition for expungement may be filed at least three years from the date of the denial. I.C. § 35-38-9-9(i). Townsend, therefore, may file a subsequent petition for expungement on or after May 21, 2017.

The judgment of the trial court is affirmed.

VAIDIK, C.J., and RILEY, J., concur.

---

[2] Townsend argues that the trial court erroneously took charges to which he did not plead guilty into account. There is no indication in the record, however, that the trial court did so. Therefore, we decline to reverse on this basis.